IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Charles Reeves, | C/A No. 0:11-3112-GRA-PJG |
| Plaintiff, | |
| v. | |
| Doctor McCree, and Doctor Lewis, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

The plaintiff, Phillip Charles Reeves ("Reeves"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Reeves was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 19.) Reeves filed a response in opposition (ECF No. 31), and the defendants replied (ECF No. 32). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

## BACKGROUND

Liberally construed, Reeves's Complaint alleges that while he was housed in the South Carolina Department of Corrections ("SCDC") facilities of McCormick Correctional Institution ("McCormick") and Perry Correctional Institution ("Perry") Defendant McCree[1] and Defendant

---

[1] The court observes that the correct spelling of this defendant's name is "McRee." (See McRee Aff., ECF No. 18-2.)



Lewis[2] were deliberately indifferent to his medical needs with regard to various maladies. Reeves appears to allege that he did not receive certain medication, that he was denied a bathroom pass, and that he filed several grievances and requests to staff with regard to his issues but that he still is not receiving proper medical treatment. Specifically, Reeves complains of problems and pain related to his colon as well as "other personal issues." (Compl., ECF No. 1 at 3.) Reeves seeks monetary damages and injunctive relief for his "medical needs to be met." (Id. at 5.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

---

[2] The defendants argue in their reply memorandum that, in his response in opposition to summary judgment, Reeves appears to state that he is not asserting a claim against Dr. Lewis. (See Pl.'s Resp. Opp'n Summ. J., ECF No. 31 at 5) (stating that "on [March] 31, 2011 when I seen Doctor Lewis he knew something was wrong . . . I finally got something done about my problem. . . . I re[a]lly only needed Doctor Lewis for his professional opinion & testimony. He took action as soon as he he[a]rd of the problem."). To the extent that Reeves does intend to assert a claim against Dr. Lewis, it fails for the reasons discussed below.

PJG

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motion for Summary Judgment**

    **1.     Official Capacity Claims**

To the extent that Reeves is suing the defendants in their official capacities for monetary relief, they are entitled to summary judgment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan

Page 3 of 10

*PJG*

Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As an arm of the state, the defendant is entitled to sovereign immunity and cannot constitute a "person" under § 1983 in that capacity. See Will, 491 U.S. at 70-71. Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent the defendants are sued in their official capacities, they are immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

    2.    **Deliberate Indifference—Medical Treatment**

To the extent Reeves seeks relief against the defendants in their individual capacities, his claims fail. To establish a claim under the Eighth Amendment for deliberate indifference to medical needs, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Id. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard,



the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted) (alterations in original); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

A prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she

received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

Reeves has failed to provide any evidence from which a reasonable jury could find deliberate indifference to his medical needs. Reeves's Complaint appears to allege that, despite his repeated attempts to inform the defendants of his pain and maladies, the defendants refused or failed to provide proper care and were deliberately indifferent to his medical needs. In support of their motion for summary judgment, the defendants have provided Reeves's medical records which show that Reeves was seen repeatedly for his complaints of back pain, neck pain, urological issues, abdominal pain, chest pains, and bowel issues, as well as multiple other complaints and maladies. (See generally Medical Records, ECF Nos. 18-5, 18-6, & 18-7.) The defendants have also provided the affidavits of Dr. John McRee and Dr. Benjamin Lewis, the physicians assigned to McCormick and Perry, respectively, who treated Reeves on several occasions. (McRee Aff. ¶¶ 2-3, ECF No.18-2; Lewis Aff. ¶¶ 2-3, ECF No. 18-3.)

Dr. McRee treated Reeves at McCormick between approximately July 2010 and March 2011, and during this course of time Reeves was seen for episodes of back pain, chest pain, skin rash, stomach problems, abdominal pain, urinary pain, and rectal bleeding. (McRee Aff. ¶¶ 4-15, ECF No. 18-2 at 1-5.) McRee avers that during many of these encounters, Reeves, who had a past history of drug abuse, exhibited drug seeking behavior, in many instances demanding specific medication from medical personnel. (Id.) McRee describes in detail the steps that he took to treat Reeves, including prescribing medications for treatment and pain, monitoring blood pressure and vital signs,

and ordering and reviewing electrocardiogram ("EKG"), x-ray, and urinalysis procedures. (Id.) McRee avers that he acted in accordance with generally accepted medical practices at all times in his dealings with Reeves and never intentionally took any action to deny Reeves proper medical care. (Id. ¶ 16, ECF No. 18-2 at 5.)

Following his transfer to Perry in March 2011, Reeves was treated by Dr. Lewis. Dr. Lewis avers that over the course of the next year, Reeves complained of lower abdominal pain, low back and neck pain, pain when urinating, diarrhea, left leg pain, and blood in his stool. (Lewis Aff. ¶¶ 4-15, ECF No. 18-3 at 1-5.) Lewis describes the various treatment he provided or recommended for Reeves, including but not limited to Hemocult tests, urinalysis tests, a Sed Rate test, a Complete Blood Count ("CBC") test, a Computed Tomography ("CT") scan, a neurologic consult and cystoscopy,[3] x-rays, a colonoscopy, and prescribing medications for treatment and pain. (Id.) Lewis also avers that he acted in accordance with generally accepted medical practices at all times in his dealings with Reeves and never intentionally took any action to deny Reeves proper medical care. (Id. ¶ 16, ECF No. 18-3 at 6.)

A review of the medical records shows that Reeves was seen extensively by the medical staff at McCormick and Perry, as evidenced by more than two hundred medical entries in a two-year period. In addition, the medical records demonstrate that Reeves received treatment outside of SCDC facilities for a urinalysis and a colonoscopy. Thus, Reeves's claim of deliberate indifference to a serious medical need fails because the record unequivocally shows that Reeves was frequently seen and treated by medical staff for his complaints. Moreover, as stated above, Reeves does not

---

[3] Dr. Lewis notes that Reeves refused to undergo this procedure. (Lewis Aff. ¶ 13, ECF No. 18-3 at 4-5.)



have a claim against the defendants merely because he disagrees with the course of treatment he received. See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also O'Connor, 426 F.3d at 202; Dulany, 132 F.3d at 1240; Fleming, 423 F. Supp. 2d at 1070. At most, Reeves's claims allege negligence or medical malpractice, which is not actionable in a constitutional claim. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

### 3. State Law Claims

To the extent that Reeves is seeking to raise state law claims of medical negligence or malpractice, South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina. S.C. Code Ann. § 15-36-100(B); Martasin v. Hilton Head Health Sys. L.P., 613 S.E.2d 795, 799 (S.C. Ct. App. 2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993). It is undisputed that Reeves has failed to file an expert affidavit with his Complaint, and therefore he cannot proceed with a state law claim of negligence or medical malpractice against the defendants.

## C. Other Claims

To the extent Reeves is attempting to assert any other claims, his Complaint fails to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009).

Page 8 of 10

PJG

## RECOMMENDATION

For the above reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 18) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 29, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).