UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Phillip Charles Reeves, | ) | C/A No.: 0:11-CV-03112-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Doctor McCree, and Doctor Lewis, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of United States Magistrate Judge Paige J. Gossett's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on October 29, 2012.  Plaintiff Phillip Charles Reeves ("Plaintiff"), an inmate with the South Carolina Department of Corrections proceeding *pro se*, instituted this action on November 10, 2011, pursuant to 42 U.S.C. § 1983.[1]  ECF No. 1.  He moved to amend the Complaint on March 19, 2012.  ECF No. 21.  The Magistrate Judge denied Plaintiff's Motion to Amend, because the deadline to amend the pleadings had passed. ECF No. 27.  Defendants Doctor McCree and Doctor Lewis ("Defendants"), moved for summary judgment on March 21, 2012.  ECF No. 18.  The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Plaintiff filed a Response in Opposition to the Motion for Summary Judgment on May 23, 2012.  ECF Nos. 19 & 22.  Finally, on May 25, 2012, the Defendants filed a Reply to the Response in Opposition of the Motion for Summary Judgment.  ECF No. 32.

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

**Background**

Under established procedure in this judicial district, Magistrate Judge Gossett made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The Magistrate Judge recommends that this Court grant Defendants' Motion for Summary Judgment. Report & Recommendation 9, ECF No. 33. On November 5, 2012, Plaintiff filed a motion requesting that the Court grant him an extension of time to file his objections to the Report and Recommendation. ECF No. 35. The Court granted Plaintiff's Motion, and extended the time for filing objections until December 14, 2012. ECF No. 37. Plaintiff filed another Motion for Extension of Time on December 3, 2012. ECF No. 39. The Court denied the second Motion, finding that an additional extension of time was not warranted. ECF No. 40. Plaintiff timely filed objections to the Report and Recommendation on December 12, 2012.[2] ECF No. 42. For the reasons discussed herein, this Court adopts the Magistrate Judge's recommendation in its entirety and grants Defendants' Motion for Summary Judgment.

**Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364,

---

[2] Although the objections were filed by the clerk of court on December 17, 2012, prisoner petitions are deemed filed when they are delivered to prison authorities for mailing. *Houston,* 487 U.S. at 276.   In this case, Defendant delivered the objections to the prison mailroom on December 12, 2012; thus, they were timely filed.

365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

## Discussion

Magistrate Judge Gossett recommends that the Court grant Defendants' Motion for Summary Judgment for failure to state a claim upon which relief may be granted. *See* ECF No. 48. The Magistrate Judge makes only a recommendation to this Court. The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

The Court reiterates that it in order for objections to be considered by a United States district court judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Thomas v. Arn*, 474 U.S. 140, 150–51 (1985); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report

and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  In his objections, Plaintiff never actually addresses the Magistrate Judge's legal arguments and never even references the Report and Recommendation except in the caption.  Instead, Plaintiff reargues and restates the issues that were set forth in his Complaint and Response in Opposition to Defendants' Motion for Summary Judgment.  *See* ECF Nos. 1 & 31.  These issues were correctly addressed by the Magistrate Judge and this Court will not revisit the issues a second time.  Therefore, the objections lack specificity to trigger *de novo* review and will not be addressed.

After a thorough review of the Magistrate Judge's Report and Recommendation and the objections thereto, this Court finds that the report is based upon proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's Complaint is dismissed WITH prejudice.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

December  21 , 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.